**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**HEAT CONTROLLER, INC.,**

       **Plaintiff,**

v.

**WESTCHESTER FIRE INSURANCE CO.,**

       **Defendant.**

       **Case No. 11-14923**

       **Honorable Denise Page Hood**

_____/

## ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT

**I.      BACKGROUND**

On November 8, 2011, Defendant Westchester Fire Insurance Co. ("Westchester") removed this matter from the Jackson County Circuit Court, State of Michigan. Plaintiff Heat Controller, Inc. ("HCI") filed a one-count Amended Complaint for Declaratory Judgment against Westchester claiming that Westchester breached its duties under an insurance contract between the parties to provide a defense on behalf of and indemnify HCI in an arbitration claim filed against HCI by a third party, Heat Controller International, LLC ("HC International").

Westchester issued a Business and Management Indemnity Policy, No. BMI20070516, with effective dates of May 1, 2009 to May 1, 2010. (Am. Comp., ¶ 3)  On August 5, 2009, HC International submitted a demand for arbitration in the matter of *Heat Controller Interntaional, LLC v. Heat Controller, Inc.,* Case No. 50 181 T 00430 09. (Am. Comp., ¶ 8)  HCI notified Westchester on August 28, 2009 regarding the demand for arbitration, seeking coverage and legal defense under the Policy. (Am. Comp., ¶ 9)  On October 8, 2009, Westchester denied HCI's claim under the Policy on the basis that the Policy did not provide coverage for the claim submitted under the

exclusions found in Clause A.3. a. and b. of the Policy.  (Am. Comp., ¶ 10)

On March 18, 2010, HCI sent a request with additional material to Westchester.  HCI requested that Westchester at least tender a defense on HCI's behalf to the arbitration.  Other letters requesting a defense were sent on April 23, 2010, January 10, 2011, March 30, 2011 and April 19, 2011.  (Am. Comp., ¶¶ 12-16)  Westchester did not respond to any of these letters until April 20, 2011 denying again the request for coverage.  (Am. Comp., ¶ 18)  HCI thereafter sent subsequent letters updating Westchester on the proceedings and requesting coverage in letters dated May 3, 11 and 25, 2011.  HCI received no response to these letter from Westchester.  (Am. Comp., ¶¶ 19-21) On September 8, 2011, the Arbitrators issued an Award, holding HCI liable for payment to HC International, in the amount of $2,316,982.00, which HCI satisfied in its entirety on October 5, 2011. (Am. Comp., ¶¶ 22-23)

The instant declaratory action was filed by HCI against Westchester on October 6, 2011. This matter is now before the Court on HCI's Motion for Summary Judgment and Westchester's Cross-Motion for Summary Judgment.  Briefs have been filed and a hearing held on the matter.

## II.     ANALYSIS

### A.      Summary Judgment Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the

2:11-cv-14923-DPH-MKM   Doc # 16   Filed 09/25/12   Pg 3 of 8   Pg ID 747

nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.      Insurance Contract Standard of Review

"In a contract diversity action such as this, Michigan conflict of law rules require the application of the law of the place where the insurance policies were issued and countersigned." *Insurance Co. of North America v. Forty-Eight Insulations, Inc.*, 451 F. Supp. 1230, 1237 (E. D. Mich. 1978). In Michigan, insurance contracts are to be liberally construed in favor of the insured and against the insurer. *Forty-Eight Insulations,* 451 F. Supp. at 1237 (citing *J.L. Simmons Co. v. Fidelity and Casualty Co.*, 511 F.2d 87 (6th Cir. 1975)).

A court's analysis of coverage under an insurance policy must be grounded in the policy language. *Gelman Sciences, Inc. v. Fidelity and Casualty Co. of New York*, 456 Mich. 305, 316 (1998), *overruled on other grounds by Wilkie v. Auto-Owners Ins. Co.,* 469 Mich. 41 (2003). Where the policy language is clear and unambiguous, a court must enforce the terms as written and not

rewrite the plain contract language. *Id.* at 317.  Ambiguous provisions are construed in favor of the policyholder and in favor of coverage. *Id.*  The insured bears the burden of proving coverage, while the insurer must prove that an exclusion to coverage is applicable. *Heniser v. Frankenmuth Mut. Ins. Co.,* 449 Mich. 155, 161 n. 6 (1995); *Arco Industries Corp. v. American Motorists, Ins. Co.,* 440 Mich. 395, 424-25 (1995)(concurrence)*.*  Courts are to construe exclusionary clauses strictly in favor of the insured. *Auto-Owners Ins Co v. Churchman,* 440 Mich. 560, 567 (1992).  However, coverage under a policy will be lost if an exclusion applies to particular claims of the insured. *Id.* "Clear and specific exclusions must be given effect." *Id.*.  An insurance company should not be held liable for a risk that it did not assume. *Allstate Ins Co v. Fick,* 226 Mich. App 197, 201 (1997).

The insurance company's duty to provide a defense to its insured is contingent on whether the conduct falls within the scope of the policy. *Citizens Ins. Co. v. Pro-Seal Serv. Group, Inc.,* 477 Mich. 75, 84 (2007).  The duty to defend is broader than the duty to indemnify since the duty to defend arises in instances in which coverage is even arguable. *Auto-Owners Ins. Co. v. City of Clare,* 446 Mich. 1, 15 (1994).  The duty to defend an insured is not limited to meritorious suits, but may extend to claims that are groundless, false, or fraudulent, provided that the allegations even potentially fall within the policy coverage. *Auto Club Ins. Co. v. Burchell,* 249 Mich. App. 468, 480-81 (2001).  When theories of liability which are not covered under the policy are raised with theories of liability that are covered under the insured's policy, the insurer has a duty to defend. *Protective Nat'l Ins. Co. of Omaha v. City of Woodhaven,* 438 Mich. 154, 159 (1991).  The duty to defend is not contingent on the precise language of the pleadings, but rather, the insurer must examine the underlying allegations in the third-party or underlying complaint to determine whether coverage is possible. *Citizens Ins. Co. v. Secura Ins.,* 279 Mich. App. 69, 74-75 (2008).  When there

4

is doubt regarding whether or not the complaint against the insured raises a theory of liability governed by the policy, the doubt is resolved in the insured's favor. *Id.* A court must focus on the cause of the underlying injury to ascertain whether coverage exists. *U.S. Fidelity & Guaranty Co. v. Citizens Ins. Co. of America*, 201 Mich. App. 491, 494 (1993). The substance of the underlying pleading rather than the form of allegations in the pleading must be scrutinized. *Id.*

### C.    Liability Exclusions

HCI asserts that at the minimum, Westchester has a duty to defend under the Policy since HC International's claims are covered under the Policy. Westchester argues that it has not breached the insurance contract at issue since the underlying arbitration claim filed by HC International is not covered and is excluded under the Policy under the provisions governing liability exclusion. The provision governing Liability Exclusions provides:

### C.    EXCLUSIONS

* * *

2.    Exclusions Applicable Only to Insuring Clause A3

Insurer shall not be liable for Loss on account of any Claim:

a)    alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the *actual or alleged breach of any contract or agreement; except and to the extent the Company would have been liable in the absence of such contract or agreement; ...*

(Policy, C.2.a)

HC International's Demand for Arbitration alleges that,

Respondent [HCI] breached the contract through its failure and refusal to supply unitary equipment and other goods, failure and

> refusal to sell at prices stipulated to, selling goods for expert and
> refusing to pay claimant, failing to provide financing, failing to
> provide and maintain a link on its website for claimant, offering to
> sell and selling to claimant's customers within three years following
> the contract's expiration, offering to buy and buying from claimant's
> vendors within three years following the contract's expiration and
> other bad faith.

(HCI Demand, Ex. 2 HCI Motion)  HC International attached the Distribution Agreement between HCI and HC International.  (*Id.*)  HCI argues that although HC International's claims are based on the Distribution Agreement, HC International also alleged tortious claims against HCI, including bad faith, therefore Westchester had a duty to defend HCI during the arbitration proceedings.

Michigan law does not recognize an independent cause of action for breach of implied duty of good faith, although there is an implied duty of good faith in the performance of a contract.  *See, Lowe's Home Ctrs., Inc. v. LL & 127, LLC,* 144 App'x 516, 523-24 (6th Cir. 2005); *Belle Isle Grill Corp. v. City of Detroit,* 256 Mich. App. 463 (2003).  The only reference of a tort in the Demand for Arbitration by HC International is the reference to "bad faith," which is not a separate cause of action from a breach of contract claim.  The Award of Arbitrators confirmed a breach of contract claim, finding that HCI breached Sections 1 and 7 of the Agreement.  (Ex. 19, HCI Motion) In its mediation brief, HC International expressly noted that the Distribution Agreement covered the parties' business relationship. (Ex. 15, Westchester Motion)  Westchester carried its burden, based on the express language of the Policy and the Demand for Arbitration in the underlying arbitration claim, that the breach of contract claims are excluded from coverage.

HCI argues that during the Arbitration proceedings, HC International alleged other theories of liability, apart from the breach of contract claim, such as tortious interference of a business contract and unjust enrichment.  HCI submits its prehearing brief where HCI submits its version of

the facts at issue before the Arbitration proceedings to establish what HCI asserts was HC International's tortious interference liability theory.  However, HC International expressly noted in its brief that the Distribution Agreement covered the parties' relationship.  HCI also submits an excerpt of a hearing transcript to show that HC International alleged an unjust enrichment theory of liability.  However, the hearing transcript excerpt does not show that HC International agreed it had such a claim.  As the Michigan courts have held, the Court must focus on the "cause" of the injury and the "substance" of the underlying pleading, rather than allegations, to ascertain whether coverage exists.  *U.S. Fidelity,* 201 Mich.  App.  at 494.

The insurance agreement between the parties expressly and clearly excludes any losses arising from a breach of contract claim against HCI.  (Policy, C.2.a)  In the underlying Arbitration proceedings, from the beginning, HC International expressly and clearly asserted a breach of contract claim against HCI based on the Distribution Agreement between the parties.  Although there may have been "allegations" of bad faith in the parties' briefs and motions before the Arbitration panel, the Court finds that the "cause" of HC International's injury was based on a breach of the agreement claim and that the "substance" of HC International's Demand for Arbitration was also based on a breach of contract claim.  HC International's claim for breach of contract in the underlying Arbitration proceeding was excluded by the insurance contract at issue. HCI's Motion for Summary Judgment on its breach of insurance contract claim against Westchester must be denied and Westchester's cross-Motion for Summary Judgment must be granted.

## III     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment **(No.  5, 2/21/12)** is

DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment (**No. 7, 3/16/12**) is GRANTED.

IT IS FURTHER ORDERED that the action filed by Plaintiff is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager